THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Robert W. Johnson,** *Plaintiff*, v. **Facebook,** *et al.*, *Defendants.* | Civ. No. 23-01453 (MAJ) |

## OPINION AND ORDER

### I.   Introduction

Plaintiff, proceeding *in forma pauperis*, brings this action against Defendants Facebook, Rudy Giuliani, Vladimir Putin, Donald J. Trump, and Twitter *et al.*, vaguely alluding to alleged constitutional violations. (**ECF No. 1**). Upon review, the Court finds that the Complaint lacks the necessary factual matter to substantiate its claims or establish jurisdiction. *Id*. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, for lack of subject matter jurisdiction.[1]

---

[1]   The First Circuit, while cautioning against hasty *sua sponte* dismissals, does allow for such action in cases burdened by frivolous claims or incurably defective pleadings. *See Clorox Co. P.R. v. Proctor & Gamble Com. Co.*, 228 F.3d 24, 30-31 (1st Cir. 2000); *Verogna v. Johnstone*, 583 F. Supp. 3d 331, 334 (D.N.H. 2022), *aff'd*, No. 22-1364, 2022 WL 19795808 (1st Cir. Nov. 14, 2022). Frivolity, in this context, is understood as lacking an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining the meaning of "frivolous" under 28 U.S.C. § 1915).
   Moreover, when a plaintiff, like the one at bar, opts to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court is authorized to dismiss the action if it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." (**ECF Nos. 1, 3**); *See Maldonado-Arce v. Claro Puerto Rico*, 17-cv-2134, 2018 WL 9801871, at *3 (D.P.R. Sept. 21, 2018) (citing 28 U.S.C. § 1915(e)(2)(B)). Given the Court's inability to identify any factual basis, legal theories, or jurisdictional grounds in Plaintiff's Complaint, dismissal is not only warranted but mandated under 28 U.S.C. § 1915(e)(2)(B). *Id*.

## II. Discussion

Even a pro se litigant such as Plaintiff, and particularly one granted *in forma pauperis* status, is obliged under the Federal Rules of Civil Procedure to deliver more than a smattering of legal buzzwords lacking any discernible facts.[2] Apart from Plaintiff's laundry list of Defendants, the Complaint only teases with an especially brief Statement of Facts which states: "All Defendants committed identity theft, fraud, U.S. Constitutional Violations, RICO acts, and Due Process violations." (**ECF No. 1 at 2**). While brevity can be valuable, the Complaint lacks the requisite detail to meet the pleading standards established by the Federal Rules of Civil Procedure.

The federal courthouse is a "court of limited jurisdiction, limited to deciding certain cases and controversies." *Belsito Commc'ns, Inc. v. Decker*, 845 F.3d 13, 21 (1st Cir. 2016). Moreover, under Federal Rule of Civil Procedure 8(a)(1), a short and plain statement of the grounds for the Court's jurisdiction is required. If the complaint does not clearly establish jurisdiction, it fails this standard. *See Rivera v. Brennan*, No. 18-cv-2028, 2021 U.S. Dist. LEXIS 144270, at *7-8 (D.P.R. Aug. 2, 2021). Likewise, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. Conclusory allegations without factual support do not satisfy this requirement. Fed. R. Civ. P. 8(a)(2); *Gonzalez-Camacho v. Banco Popular de P.R.*, 318 F. Supp. 3d 461, 471 (D.P.R. 2018). Finally, if jurisdiction is not clearly established, Rule 12(b)(1) allows for a dismissal for lack of subject matter jurisdiction. *See Cebollero-Bertran v. Puerto Rico Aqueduct & Sewer Auth.*, 4 F.4th 63, 71 (1st Cir. 2021) ("the court is obligated to dismiss a case *sua sponte* if it detects a jurisdictional defect.")

---

[2] Plaintiff at the time of filing his Complaint, appeared pro se. However, he has since had Counsel appointed. (**ECF No. 8**).

Case 3:23-cv-01453-MAJ   Document 9   Filed 10/18/23   Page 3 of 3

Civ. No. 23-01453 (MAJ)                                                                                    Page 3

Here, drawing upon the principle that "dismissal for lack of subject-matter jurisdiction . . . is proper only when the claim is so insubstantial . . . as not to involve a federal controversy," the Court finds itself with no other option. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (cleaned up). While we recognize that pro se pleadings are to be construed liberally, "this leniency does not excuse compliance with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Given Plaintiff's non-compliance with the above-mentioned rules, (to name a few), the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**, *sua sponte*. (**ECF No. 1**).

### III. Conclusion

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over the instant action. Accordingly, the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of October 2023.

*S/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**